UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DWAYNE WILSON,

                       Plaintiff,

        -against-

THE CITY OF NEW YORK,
POLICE OFFICERS, DETECTIVES, SERGEANTS,
AND/OR CORRECTION OFFICERS JOHN SMITH 1,
JOHN SMITH 2, JOHN SMITH 3, JOHN SMITH 4,
JANE SMITH 1, and JANE SMITH 2, intending to be
the Police Officers, Detectives, Sergeants, and/or
Correction Officers, who lured the plaintiff WILSON to
the 52nd Precinct with false and misleading statements;
who detained, questioned, arrested, fingerprinted,
imprisoned, ridiculed, used excessive force, and engaged
in the malicious prosecution of plaintiff, WILSON; who
authorized/supervised the luring of the plaintiff
WILSON to the 52nd Precinct, with false and misleading
statements; who authorized/supervised the detainment,
questioning, arrest, fingerprinting, excessive force,
imprisonment of the plaintiff, WILSON; who
supervised/authorized the malicious prosecution of the
plaintiff, WILSON and who failed to intercede on behalf
of the Plaintiff WILSON, and protect him from the
unjustified and unconstitutional treatment he received at
the hands of the defendants.
------------------------------------------------------------X

CA No.:   15 CV 7369

**AMENDED**
**COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiff DWAYNE WILSON, by and through his attorney, **STEFANO A. FILIPPAZZO, P.C.**, complaining of the Defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the Plaintiff seeks relief for the Defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1981 and §1983; by the United

States Constitution, including its Fourth and Fourteenth Amendments, and by the laws of the Constitution of the State of New York. The Plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 42, this being an action seeking redress for the violation of plaintiffs' constitutional and civil rights

3. Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5. Venue herein is proper for the United States District Court for the Southern district of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff has filed a Notice of Claim with the Comptroller of the City of New York on or about March 20, 2014. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff DWAYNE WILSON at all times hereinafter mentioned was a citizen of the United States residing in the State of New York, County of Bronx.

8. Defendant THE CITY OF NEW YORK was and still is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

9. Defendant THE CITY OF NEW YORK is and was at all times relevant herein authorized to maintain a New York City Police Department, which acts as its agent in the area of law enforcement related to arrests and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the Police Department of the City of New York.

10. Defendant Police Officers, Sergeants, Detectives and/or Correction Officers JOHN SMITH NUMBER 1 ("SMITH 1"), JOHN SMITH NUMBER 2 ("SMITH 2"), JOHN SMITH NUMBER 3 ("SMITH 3"), JOHN SMITH NUMBER 4 ("SMITH 4"), JANE SMITH NUMBER 1 ("JANE SMITH 1") and JANE SMITH NUMBER 2 ("JANE SMITH 2"), are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of Defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the

performance of their lawful function in the course of their duties. Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, JANE SMITH 1 and JANE SMITH 2 are sued individually.

## STATEMENT OF FACTS

11. On October 9, 2013, Defendants called the plaintiff, DWAYNE WILSON ("Plaintiff Wilson) and induced him to come to the 52nd Precinct, with false and misleading statements, wrongfully questioned, improperly detained, falsely imprisoned, used excessive force, denied plaintiff medical treatment, maliciously prosecuted, and physically and emotionally injured Plaintiff WILSON in Bronx County, New York. More specifically, on October 9, 2013, Defendant Police Officer/Detective John Smith 1 lured plaintiff to the 52nd Precinct, located at 3016 Webster Ave, Bronx, with false and misleading statements by telling Plaintiff Wilson his son was a witness to an incident at school and he should come to the precinct, defendant knowing that this wasn't true. The plaintiff Wilson was searched, patted down, handcuffed and placed in a cell. Defendant Detective John Smith 2 questioned and intimidated the plaintiff Wilson and asked him to remove his shoelaces, belt and give up his cell phone, wallet and keys. Detective John Smith 2 wrongfully accused the plaintiff Wilson of stealing a doctor's purse at North Central Hospital. Despite plaintiff Wilson denying any wrongdoing and explaining that he was never at North Central Hospital and was working at the time the alleged crime was committed, Police Officer/Detective John Smith 2 continued to question him, intimidate, berate and ridicule him. After waiting a significant amount of time, the plaintiff Wilson, was then taken to another Precinct on Simpson Street, where he was told he was being charged with Robbery and placed in a cell. The plaintiff Wilson was then taken to Central Booking where he was searched, patted down and arrested without justification or cause. At Central Booking, the plaintiff Wilson was ridiculed and berated by Police Officer/Correction Officer Jane Smith 1, in

front of other inmates. The plaintiff Wilson, was then taken downstairs by Police Officer/Correction Officer Jane Smith 2, who verbally abused him, threatened to physically harm him; told him they were going to hold his case until the end, used excessive force, by forcefully tightening his handcuffs behind his back, and slamming him against the wall, causing him to sustain pain to his head and neck, and exacerbated pain and injury to his left shoulder. The defendants denied plaintiff's multiple requests for medical treatment at Central Booking despite Plaintiff Wilson asking the defendants/the guards on duty, one described as an African-American black female in her 40's, and one described as a male, for medical attention for his left shoulder which was injured by the defendants. In addition, even though the plaintiff made bail before the Judge, the defendants lost the paperwork of the plaintiff, Wilson, resulting in further detainment and imprisonment of the plaintiff Wilson; all of which caused him emotional and physical pain, suffering and injuries; emotional, mental and physical anguish; embarrassment, extreme humiliation, ridicule, anxiety, distress, nightmares; loss of employment; loss of reputation; loss of dignity and loss of quality of life. On January 14, 2014, Judge W. McGuire, of the Criminal Court of the City of New York, County of the Bronx, dismissed all charges against Plaintiff, Wilson.

## I. FEDERAL CLAIMS

### COUNT ONE
(U.S.C. §1983 Deprivation of Rights)

12. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

13. By their conduct and actions in arresting, imprisoning, failing to intercede on the behalf of Plaintiff DWAYNE WILSON, and in failing to protect him from the unjustified and

unconstitutional treatment he received at the hands of Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, JANE SMITH 1 and JANE SMITH 2 acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1981 and §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

14. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, emotional, mental and physical anguish, pain and injury, embarrassment, ridicule, emotional and physical distress, nightmares, anxiety, depression, loss of employment, loss of reputation, loss of dignity, loss of quality of life, costs, and expenses, and was otherwise damaged and injured

## COUNT TWO
### (*Monell* Claim)

15. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

16. At all times material to this complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, JANE SMITH 1 and JANE SMITH 2 had *de facto* policies, practices, customs, and usages which where a direct and proximate cause of the unconstitutional conduct alleged herein.

17. At all times material to this Complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, JANE SMITH 1 and JANE SMITH 2 had *de facto* policies, practices, customs, and usages of

failing to properly train, screen, supervise, or discipline employees and police officers and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise, or discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

18. As a result of the foregoing, Plaintiff WILSON was deprived of his liberty, suffered great humiliation, emotional, mental and physical anguish and injury, embarrassment, ridicule, emotional and physical distress, nightmares, anxiety, depression, loss of employment, loss of reputation, loss of dignity, loss of quality of life, costs, and expenses, and was otherwise damaged and injured.

## COUNTS THREE AND FOUR

(Excessive Force)

19. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

20. By their actions, in physically using excessive force against Plaintiff WILSON, defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, JANE SMITH 1 and JANE SMITH 2 used excessive force. More particularly, defendant, Correction Officer Jane Smith 2 used excessive force, by forcefully tightening the handcuffs of the Plaintiff, Wilson, behind his back, and slammed him against the wall while at Central Booking.

21. As a result of the foregoing, Plaintiff WILSON suffered physical injury, great humiliation, emotional, mental and physical anguish, pain and injury; embarrassment, ridicule, emotional and physical distress, nightmares, anxiety, depression, loss of employment, loss of

reputation, loss of dignity, loss of quality of life, costs, and expenses, and was otherwise damaged and injured.

## STATE LAW CLAIMS

### COUNT FIVE

(Negligent Infliction of Emotional Harm)

22. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

23. By their actions in negligently investigating plaintiff Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, JANE SMITH 1 and JANE SMITH 2 negligently inflicted emotional harm upon the Plaintiff WILSON. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

24. As a result of the foregoing, Plaintiff WILSON suffered great humiliation, emotional, mental and physical anguish, suffering, pain and injury; embarrassment, ridicule, emotional and physical distress, nightmares, anxiety, depression, loss of employment, loss of reputation, loss of dignity, loss of quality of life, costs, and expenses, and was otherwise damaged and injured.

### COUNT SIX

(Malicious Prosecution)

25. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

26. By their actions in initiating the prosecution of Plaintiff DWAYNE WILSON with malice, and without sufficient probable cause, Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, JANE SMITH 1 and JANE SMITH 2 maliciously prosecuted the Plaintiff. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff WILSON and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

27. As a result of the foregoing, Plaintiff WILSON was deprived of his liberty, suffered great humiliation, emotional, mental and physical anguish, suffering, pain and injury; embarrassment, ridicule, emotional and physical distress, nightmares, anxiety, depression, loss of employment, loss of reputation, loss of dignity, loss of quality of life, costs, and expenses, and was otherwise damaged and injured.

## COUNT SEVEN

(Trespass)

28. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

29. The defendants unlawfully committed a trespass to plaintiff WILSON's property and residence, able cause or other legal privilege or justification.

30. By their actions in committing a trespass to plaintiff's property, Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, JANE SMITH 1 and JANE SMITH 2 were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

31. As a result of the foregoing, Plaintiff WILSON suffered great humiliation, emotional, mental and physical anguish, suffering, pain and injury; embarrassment, ridicule, emotional and physical distress, nightmares, anxiety, depression, loss of employment, loss of reputation, loss of dignity, loss of quality of life, costs, and expenses, and was otherwise damaged and injured

## COUNT EIGHT

(False Arrest and Imprisonment)

32. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

33. The defendants unlawfully and falsely arrested and imprisoned plaintiff WILSON by unlawfully engaging in the physical arrest, detainment and confinement of plaintiff WILSON, which he was aware of and harmed by, without his consent, and without probable cause or other legal privilege or justification.

34. By their actions in unlawfully and falsely arresting and imprisoning the plaintiff WILSON, Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, JANE SMITH 1 and JANE SMITH 2 were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

35. As a result of the foregoing, Plaintiff DWAYNE WILSON suffered great humiliation, emotional, mental and physical anguish, suffering, pain and injury, embarrassment, ridicule, emotional and physical distress, nightmares, anxiety, depression, loss of employment, loss of reputation, loss of dignity, loss of quality of life, costs, and expenses, and was otherwise damaged and injured.

## COUNT NINE

(Negligence)

36. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

37. By their actions in negligently investigating plaintiff WILSON, improperly and carelessly initiating and precipitating a police confrontation with plaintiff WILSON and in improperly engaging in and conducting a physical detention with the plaintiff WILSON, Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, JANE SMITH 1 and JANE SMITH 2 negligently inflicted physical and emotional harm upon the Plaintiff WILSON. The defendants' actions were unwarranted under all the circumstances and in violation of the restriction and commonly accepted practices of the New York City Police Department.

38. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

39. By their actions in improperly, carelessly and recklessly using physical force in connection with the physical detention and arrest of plaintiff WILSON, by inter alia: using excessive force, wrongful force, and improperly applied force under the circumstances Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, JANE SMITH 1 and JANE SMITH 2 negligently inflicted physical and emotional harm upon the Plaintiff WILSON.

40. By their actions through the improper use of such excessive force; in using unwarranted force against plaintiff WILSON in violation of the guidelines of the NYC Police Department, Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, JANE SMITH 1 and JANE SMITH 2

negligently inflicted traumatic injuries, including an exacerbation of a prior left shoulder injury; and physical and emotional harm upon the plaintiff, WILSON. In failing to exercise due care in the confrontation, physical arrest, custodial restraint on plaintiff WILSON so as to preserve his life, Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, JANE SMITH 1 and JANE SMITH 2, negligently inflicted traumatic injuries, including an exacerbation of a prior left shoulder injury, physical and emotional harm upon the Plaintiff WILSON.

41. The defendants, THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT were further careless, negligent and reckless in failing to enforce necessary rules, regulations and procedures governing the conduct of police in the use of force during arrest and in the protection of the health and well-being of a person placed in custodial restraint – as it applies to plaintiff WILSON; in its failure to use reasonable care in the employment, training and supervision of its police officers and in the protection of the health and well-being of a person placed in custodial restraint; in failing to monitor the skill and level of performance of its personnel in said procedures, including those present at the scene in question so as to determination whether they are/were competent to do their job without danger of harm to others; in failing to appreciate a pattern of conduct of the officers at the scene and others at the scene (before the incident complained of) which would have led a reasonably prudent person to investigate and uncover that such officers were not trained and have confrontational, dangerous and vicious propensities making them ill-suited for the position they were in; in failing to timely and reasonably correct such dispositions or otherwise remove said officers from the force; in allowing, causing and permitting this situation to occur by negligently assigning a patrol supervisor to monitor and control the actions of the members of the patrol that evening who were inexperienced, inadequately trained and ill-suited to the supervisory role assigned; in failing to

enforce the requirement that its police officers intervene in a situation when, as here, the force used by an arresting officer was improper and excessive.

42. As a result of the foregoing, Plaintiff WILSON suffered emotional and physical pain, suffering and injury; great humiliation, emotional, mental and physical anguish, embarrassment, ridicule, emotional and physical distress, nightmares, anxiety, depression, loss of employment, loss of reputation, loss of dignity, loss of quality of life, costs, and expenses, and was otherwise damaged and injured.

WHEREFORE, Plaintiff DWAYNE WILSON demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages in the amount of $1,000,000.00 (One Million Dollars).

b. Punitive damages in the amount of $2,000,000.00 (Two Million Dollars).

c. Costs and attorney's fees.

d. Such other and further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
February 17, 2016

Respectfully submitted,
STEFANO FILIPPAZZO, P.C.
Counsel for the Plaintiffs

/s/ Stefano A. Filippazzo, Esq.

By: STEFANO A. FILIPPAZZO, ESQ.
16 Court Street, 28th Floor
Brooklyn, New York 11241
P: 718.855.1350